UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWARD L. KEMPER,                      No. 2:07-cv-00647-MCE-DAD

    Plaintiff,

  v.                                   MEMORANDUM AND ORDER

FAIRMONT FOLSOM, LLC,
and CWS APARTMENT HOMES, LLC,

    Defendants.

----oo0oo----

Presently before the Court is Plaintiff's Motion for Summary Judgment. Plaintiff filed this action against Fairmont Folsom, LLC, and CWS Apartment Homes, LLC, (collectively "Defendants") alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("ADA") the Fair Housing Act, 42 U.S.C. § 3601 et seq. ("FHA"), the California Disabled Persons Act, Cal. Civ. Code § 54, et seq. ("DPA"), and the Unruh Civil Rights Act § 51, et seq. ("Unruh Act").[1]

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

1    Plaintiff currently resides, and has for some time, in an
2 apartment in the Willow Creek complex, which is owned by Fairmont
3 Folsom and is managed by CWS.  Plaintiff alleges that he is
4 disabled and therefore has standing to pursue the various federal
5 and state causes of action raised in his Complaint.
6    Defendants have purportedly discriminated against Plaintiff
7 on the basis of his disabilities "by denying him access to, and
8 full and equal enjoyment of, the goods, services, facilities,
9 privileges, advantages and/or accommodations of the Willow Creek
10 rental office building."  Compl., ¶ 22.
11    As a threshold matter, the parties dispute the nature and
12 extent of Plaintiff's disability.  In light of this dispute,
13 Defendants request additional time in which to have their
14 retained physician, Dr. Sfakianos, examine Plaintiff's MRI and X-
15 Ray films and prepare his report.[2]  Declaration of James O.
16 McLaughlin ("McLaughlin Decl."), ¶ 4.
17    According to Defendants, they previously subpoenaed
18 Plaintiff's diagnostic tests, including the above MRIs and X-
19 Rays.  The service retained to copy the documents provided
20 Defendants with copies of medical records, but did not provide
21 copies of the MRIs or X-Rays.  Defendants allege that they have
22 met with continued delays, but now anticipate having the
23 requested records within twenty (20) to thirty (30) days.
24 McLaughlin Decl., ¶ 2.
25 ///

---

[2] Plaintiff's Motion to Strike Defendants' Opposition papers as untimely is rendered moot by this Court's continuance of the hearing on Plaintiff's Motion to October 17, 2008.  Thus, Plaintiff's Motion is denied.

1  Because it cannot be questioned that Plaintiff's condition
2 is germane to his claims, and because Defendants' additional
3 medical evidence could create a genuine issue of material fact
4 regarding Plaintiff's condition, the Court finds good cause to
5 continue Plaintiff's Motion.  Accordingly, Defendants' Request to
6 Continue Plaintiff's Motion is GRANTED.
7  Within twenty (20) days of this Order, Defendants are
8 directed to complete their medical examination and obtain their
9 physician's report.  Within (20) days thereafter, Defendants are
10 directed to provide the Court with all modifications to their
11 previously filed papers.  In turn, Plaintiff must respond to
12 Defendants' modifications, if any, within ten (10) days of the
13 filing of those changes.  If Defendants make no modifications to
14 their current papers, the Court will decide Plaintiff's Motion on
15 the existing record.
16  IT IS SO ORDERED.

Dated: October 27, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3