UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWARD L. KEMPER,  No. 2:07-cv-00647-MCE-DAD

    Plaintiff,

  v.  MEMORANDUM AND ORDER

FAIRMONT FOLSOM, LLC, and CWS APARTMENT HOMES, LLC,

    Defendants.

----oo0oo----

Through this action, Plaintiff seeks relief from injuries allegedly suffered as a result of Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., the Fair Housing Act, 42 U.S.C. § 3601 et seq., the California Disabled Persons Act, Cal. Civ. Code § 54, et seq., and the Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq. Presently before the Court are Plaintiff's Motion to Strike Defendants' Expert Reports and Motion for Summary Judgment.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

**BACKGROUND**

Plaintiff is a resident of the Willow Creek apartments in Folsom, California. Willow Creek is owned by Defendant Fairmont Folsom, LLC, and is operated by Defendant CWS Apartment Homes, LLC. According to Plaintiff, he is disabled as a matter of law as he is substantially limited in the major life activity of walking. Plaintiff further alleges that, due to his disabled status, he has suffered discrimination as a result of numerous architectural barriers that exist throughout the Willow Creek complex.

Plaintiff initially filed this action on April 4, 2007. The Court issued its Pretrial Scheduling Order ("PTSO") on October 15, 2007. Pursuant to the mandates of the PTSO, all parties timely submitted their Expert Witness Disclosures on August 13, 2008. Both sides designated accessibility experts and Defendants designated a medical expert, Dr. Sfakianos. Though the PTSO allowed twenty additional days for the disclosure of rebuttal experts, Plaintiff neither objected to Defendants' designation of a physician, nor did Plaintiff make any effort to designate a rebuttal witness.

Plaintiff filed the instant Motion for Summary Judgment on August 21, 2008. Defendants opposed that Motion on September 19, 2008, and Plaintiff replied on October 9, 2008. In Plaintiff's Reply, though he objected to various other evidence submitted by Defendants, Plaintiff failed to raise any objections to Dr. Sfakianos' report.

///

Subsequently, in its Memorandum and Order dated October 27, 2008, this Court allowed Defendants additional time in which to file a supplement to Dr. Sfakianos' initial report. Defendants responded to the Court's Order on December 4, 2008. Only then, on December 17, 2008, did Plaintiff see fit to object to Defendants' expert. Plaintiff now seeks to have Defendants' expert report stricken both for purposes of Plaintiff's current Motion for Summary Judgment and at trial, or alternatively, leave to amend the PTSO to allow further time for Plaintiff to designate a rebuttal expert and to depose Dr. Sfakianos.

Defendants dispute numerous facts proffered by Plaintiff, least of which is Plaintiff's disabled status. Because the Court finds triable issues of material fact remain unresolved, Plaintiff's Motion for Summary Judgment is denied.

## ANALYSIS

**1.  Plaintiff's Motion to Strike Defendants' Expert Reports**

Plaintiff seeks to have the report of Defendants' expert, Dr. Sfakianos, stricken from the record. Federal Rule of Civil Procedure ("FRCP") 26 requires that, "[i]n addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705...[T]his disclosure must be accompanied by a written report - prepared and signed by the witness - if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. Pro. 26(a)(2)(A)-(B).

3

1  That written report must contain, *inter alia*, "a complete
2  statement of all opinions the witness will express and the basis
3  and reasons for them."  Fed. R. Civ. Pro. 26(a)(2)(B)(I).  "If a
4  party fails to provide information or identify a witness as
5  required by Rule 26(a) or (e), the party is not allowed to use
6  that information or witness to supply evidence on a motion, at a
7  hearing, or at a trial, unless the failure was substantially
8  justified or is harmless."  Fed. R. Civ. Pro. 37(c)(1).
9      According to Plaintiff, Dr. Sfakianos' report is incomplete
10 and lacks the detail necessary to comply with Rule 26(a)(2)(B).
11 Thus, Plaintiff seeks to exclude the report under Rule 37.
12 However, this Court finds that Dr. Sfakianos' report
13 substantially complies with the requirements of Rule 26.
14 Therefore, Plaintiff's Motion to Strike is denied.
15     Moreover, Plaintiff has failed to show the requisite good
16 cause necessary to warrant amendment of the PTSO to allow for
17 further discovery and designation of rebuttal experts. Generally,
18 the Court is required to enter a PTSO within 120 days of the
19 filing of the complaint.  Fed. R. Civ. P. 16(b).  The scheduling
20 order "controls the course of the action" unless modified by the
21 Court.  Fed. R. Civ. P. 16(d).  Orders entered before the final
22 pretrial conference may be modified upon a showing of "good
23 cause," Fed. R. Civ. P. 16(b), but orders "following a final
24 pretrial conference shall be modified only to prevent manifest
25 injustice."  Fed. R. Civ. P. 16(e); see also <u>Johnson v. Mammoth
26 Recreations</u>, 975 F.2d 604, 608 (9th Cir. 1992).
27     Rule 16(b)'s "'good cause' standard primarily considers the
28 diligence of the party seeking the amendment."  <u>Johnson</u> at 609.

4

"The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id., quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id.

Defendants designated Dr. Sfakianos on August 13, 2008, as required by the Court's PTSO. Plaintiff failed to timely challenge that report or to designate a single rebuttal expert. While Defendants' initial report may have been lacking, Plaintiff failed to diligently raise any challenges to that document and the Court will not at this late juncture make any changes to the PTSO. Plaintiff's Motion to Strike is denied.

**2.  Plaintiff's Motion for Summary Judgment**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986).

1    Rule 56 also allows a court to grant summary adjudication on
2 part of a claim or defense.  *See* Fed. R. Civ. P. 56(a) ("A party
3 claiming relief may move...for summary judgment on all or part of
4 the claim."); see also Allstate Ins. Co. v. Madan, 889 F. Supp.
5 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter
6 Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992).
7    The standard that applies to a motion for summary
8 adjudication is the same as that which applies to a motion for
9 summary judgment.  See Fed. R. Civ. P. 56(a), 56(c); Mora v.
10 ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

> A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

15 Celotex Corp. v. Catrett, 477 U.S. at 323(quoting Rule 56(c)).
16 If the moving party meets its initial responsibility, the burden
17 then shifts to the opposing party to establish that a genuine
18 issue as to any material fact actually does exist.  Matsushita
19 Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87
20 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-
21 89 (1968).
22    In attempting to establish the existence of this factual
23 dispute, the opposing party must tender evidence of specific
24 facts in the form of affidavits, and/or admissible discovery
25 material, in support of its contention that the dispute exists.
26 Fed. R. Civ. P. 56(e).
27 ///
28 ///

6

The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Schuylkill and Dauphin Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.

*///*

1  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45
2  (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).
3       A threshold matter necessary to the success of each of
4  Plaintiff's claims is that he be found disabled as a matter of
5  law.  For example, the Supreme Court has stated that, under the
6  ADA, "a claimant must initially prove that he or she has a
7  physical or mental impairment...Merely having an impairment does
8  not make one disabled for purposes of the ADA.  Claimants also
9  need to demonstrate that the impairment limits a major life
10 activity."  Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534
11 U.S. 184, 194-195 (2002).  Moreover, "[t]o qualify as disabled, a
12 claimant must further show that the limitation on the major life
13 activity is 'substantia[l].'" Id., quoting 42 U.S.C. § 12102(2)(A).
14  "In determining whether an individual is substantially limited in
15 a major life activity, the regulations instruct that the following
16 factors should be considered: '[t]he nature and severity of the
17 impairment; [t]he duration or expected duration of the impairment;
18 and [t]he permanent or long-term impact, or the expected permanent
19 or long-term impact of or resulting from the impairment.'" Id. at
20 196, quoting 29 C.F.R. § 1630.2(j)(2)(i)-(iii).  Finally, "[t]hat
21 the Act defines 'disability' 'with respect to an individual,' 42 U.S.C.
22 § 12102(2), makes clear that Congress intended the existence of a
23 disability to be determined in...a case-by-case manner." Id. at 198.
24      Thus, the inquiry into Plaintiff's requisite legal
25 disability is wholly factual in nature.  Appropriately, Plaintiff
26 submitted his own declaration substantiating his claims not only
27 of his physical condition, but also of the impact that such
28 condition has had upon his daily activities.

In response, Defendants challenge Plaintiff's credibility with excerpts from Plaintiff's depositions that purportedly do not comport with Plaintiff's claimed level of disability. Additionally, Defendants' expert opined that "one certainly does get the impression that perhaps there is somewhat of a disconnect between [Plaintiff's] subjective complaints and the truly objective findings." Sfakianos Decl., Exh. C. Dr. Sfakianos also stated that "Mr. Kemper's degree of stated disability is probably not quite in sync with what would be considered purely objective factors of disability." Id.

Accordingly, there remains before the Court a triable issue of fact as to the matter of Plaintiff's legal disability. Thus, summary judgment is improper and Plaintiff's Motion is denied.

**CONCLUSION**

Plaintiff's Motion to Strike Defendants' Expert Report or, alternatively to Amend the Pretrial Scheduling Order (Docket No. 35) and Plaintiff's Motion for Summary Judgment (Docket No. 26) are DENIED.

IT IS SO ORDERED.

Dated: January 20, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE