UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDWARD L. KEMPER,                         No. 2:07-cv-00647-MCE-DAD

      Plaintiff,

  v.                                      MEMORANDUM AND ORDER

FAIRMONT FOLSOM, LLC, and CWS APARTMENT HOMES, LLC,

      Defendants.

----oo0oo----

Through this action, Plaintiff seeks relief from injuries allegedly suffered as a result of Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., the Fair Housing Act, 42 U.S.C. § 3601 et seq., the California Disabled Persons Act, Cal. Civ. Code § 54, et seq., and the Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq. Presently before the Court is Plaintiff's Motion to Amend the Complaint and the Pretrial Scheduling Order ("PTSO").[1]

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

1       Generally, the Court is required to enter a pretrial
2  scheduling order within 120 days of the filing of the complaint.
3  Fed. R. Civ. P. 16(b).  The scheduling order "controls the
4  subsequent course of the action" unless modified by the Court.
5  Fed. R. Civ. P. 16(d).  Orders entered before the final pretrial
6  conference may be modified upon a showing of "good cause," Fed.
7  R. Civ. P. 16(b), but orders "following a final pretrial
8  conference shall be modified only to prevent manifest injustice."
9  Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations,
10 975 F.2d 604, 608 (9th Cir. 1992).
11      Rule 16(b)'s "good cause" standard primarily considers the
12 diligence of the party seeking the amendment.  Id. at 609.  "The
13 district court may modify the pretrial schedule 'if it cannot
14 reasonably be met despite the diligence of the party seeking the
15 extension.'"  Id., quoting Fed. R. Civ. P. 16 advisory
16 committee's notes (1983 amendment).  "Moreover, carelessness is
17 not compatible with a finding of diligence and offers no reason
18 for a grant of relief."  Id.  "Although the existence or degree
19 of prejudice to the party opposing the modification might supply
20 additional reasons to deny a motion, the focus of the inquiry is
21 upon the moving party's reasons for seeking modification.  If
22 that party was not diligent, the inquiry should end."  Id.
23      This Court issued its PTSO on October 15, 2007, setting
24 trial for Monday, April 13, 2009.  All dispositive Motions were
25 to be heard no later than October 13, 2008, and the final
26 pretrial conference is scheduled to take place on March 13, 2009.
27 ///
28 ///

1    Nevertheless, Plaintiff now seeks to amend his Complaint,
2 adding a retaliation claim.  Supporting his request to amend,
3 Plaintiff alleges that, after his lease expired at the end of
4 October, 2008, Defendants increased his rental rate without
5 providing him notice or an explanation.  Additionally, Defendants
6 have allegedly ignored Plaintiff's request to renew his lease.
7 These facts are simply insufficient to rise to the level of good
8 cause required to justify amendment of the Complaint and, by
9 necessity, the PTSO.  Accordingly, Plaintiff's Motion to Amend is
10 DENIED.

   IT IS SO ORDERED.

Dated: February 10, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE